Case 6:24-cv-00037   Document 11   Filed on 03/11/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
March 11, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| FLOYD JUNIOR JAYCOX, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:24-CV-00037 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Petitioner Floyd Junior Jaycox, an inmate incarcerated at the William P. Clements Unit in Amarillo, Texas, filed a pro se and *in forma pauperis* petition for a writ of habeas corpus under 28 U.S.C. § 2254. (D.E. 1, 2).

United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation ("M&R", D.E. 7), recommending that (1) Jaycox's application to proceed *in forma pauperis* be denied; (2) his habeas corpus petition be dismissed with prejudice because it is time barred, and (3) a Certificate of Appealability be denied. Pending before this Court are Jaycox's objections to the M&R. D.E. 10. For the following reasons, the Court **OVERRULES** his objections and **ADOPTS** the M&R in its entirety.

## STANDARD OF REVIEW

The district court conducts a de novo review of any part of a magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). "Parties filing objections

must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam) (discussing pro se petitioner's objections to M&R), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

### I. Habeas Corpus Petition

#### a. Legal Standards

A court may authorize proceedings *in forma pauperis*, pursuant to the standards set forth in 28 U.S.C. § 1915(a). A court may "dismiss the case at any time if the court determines that—the action or appeal—is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).

District courts may raise a statute of limitations defense sua sponte and dismiss a habeas corpus petition if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. § 2254 Rule 4).

#### b. Analysis

The Magistrate Judge recommended that Jaycox's habeas corpus petition be dismissed because it was filed outside the Antiterrorism and Effective Death Penalty Act's one year statute of limitations and is now time barred. D.E. 7, pp. 3-7.

Jaycox objects to this recommendation by claiming actual innocence, which would warrant an equitable exception to the limitations period. DE. 10, p. 3. He states that there was no factual evidence to support his conviction, and that his mental incompetence rendered him unable to argue the merits of his case. *Id.* at pp. 3-4. He claims that the exhibits attached to his original petition demonstrate his actual innocence, and that he did not intentionally and knowingly plead guilty to the crime of his conviction. *Id.* at p. 4.

Jaycox also objects by arguing that he is entitled to equitable tolling of the habeas petition filing deadline. *Id.* at p. 5. He states that the ineffectiveness of his counsel prevented him from filing his habeas petition within the proper limitations period. *Id.* at p. 5. Jaycox also asserts that he has pursued his rights diligently, and that due to his mental incompetency and misleading information from counsel, he did not properly file his claims. *Id.* at p. 7.

While Jaycox outlines the legal standards to be followed for actual innocence claims and for equitable tolling, *id.* at pp. 4, 7-8, his caselaw citations are conclusory statements that present no specific objections to the Magistrate Judge's recommendations. Instead, he continues to point the Court to his habeas petition and accompanying exhibit. *See id.* at pp. 3-4, 10, 13. Jaycox does not "raise a factual objection by merely reurging arguments contained in the original petition." *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (citing *Smith v. Collins*, 964 F.2d 483, 485 (5th Cir. 1992)). His objections regarding the dismissal of his *in forma pauperis* application and habeas corpus petition are therefore **OVERRULED**.

## II. Certificate of Appealability

### a. Legal Standards

An appeal may not be filed in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2).

When a court denies a habeas petition on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A court may sua sponte rule on a COA. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

### b. Analysis

The Magistrate Judge has recommended that the Court sua sponte deny a COA on procedural grounds because "[r]easonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations in this case is debatable." D.E. 7, p. 8.

Jaycox objects, stating that a COA determination requires a review of all factual claims, supporting records, and an assessment on the merits. D.E. 10, p. 2. He argues that he has shown in his petition that reasonable jurists would find his claims debatable, and that he has made meritorious factual claims which were not reviewed by the Magistrate Judge because his petition is time barred. *Id.* at pp. 2-3.

Jaycox cannot show that reasonable jurists would find it debatable whether the statute of limitations bars his petition in this case. His petition comes after the one-year statute of limitations period as set forth by 28 U.S.C. § 2244(d)(1), and he cannot get around this procedural bar by equitable tolling or an actual innocence claim, as the Court has stated above. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted."). His objection is **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the M&R, as well as Jaycox's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the M&R to which objections were specifically directed, the Court **OVERRULES** Jaycox's objections (D.E. 10) and **ADOPTS** the Magistrate Judge's findings and conclusions (D.E. 7). As a result, Jaycox's application to proceed *in forma pauperis* is **DENIED** (D.E. 2), his petition for habeas corpus relief is **DISMISSED with prejudice** (D.E. 1), and any request for a Certificate of Appealability is **DENIED**.

**ORDERED** on March 11, 2025.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE